**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4235**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEPHEN C. SIGMON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (CR-03-225)

———————

Submitted:  May 25, 2005              Decided:  July 13, 2005

———————

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Meghan S. Skelton, Frances H. Pratt, Research and Writing Attorneys, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Michael C. Wallace, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stephen C. Sigmon appeals the seventy-seven month sentence imposed after he pled guilty, without a written plea agreement, to possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (2000). Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), Sigmon asserts that his sentence is unconstitutional. He also contends that the district court erred in finding that a preponderance of the evidence supported the application of two sentencing enhancements and in assessing two criminal history points for offenses he committed before the age of eighteen. We affirm Sigmon's conviction but vacate Sigmon's sentence and remand for resentencing.

I.

Sigmon contends that his sentence is unconstitutional in light of Blakely and Booker. Because he did not raise this issue in the district court, his claim is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Sigmon must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage

of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Sigmon under the mandatory Federal Sentencing Guidelines and applied two enhancements based on facts found by a preponderance of the evidence. Specifically, the court established a base offense level of twenty-four by applying the Guideline for abduction in U.S. Sentencing Guidelines Manual ("USSG") § 2A4.1(a) (2002), through the cross-reference in USSG §§ 2K2.1(c)(1), 2X1.1(a), and increased the base offense level by two levels under USSG § 2A4.1(b) for use of a dangerous weapon. In light of Booker and Hughes, we find that

the district court plainly erred in sentencing Sigmon and that the error warrants correction.[1]

Sigmon also asserts that, under Blakely, the district court erroneously calculated his criminal history score by assessing three points for a malicious wounding offense and two points because he was under a criminal justice sentence at the time of the instant offense by making factual findings beyond the mere fact of conviction, such as his age at the time of the prior offenses, the date the prior offenses occurred, and whether the length of the prior sentences fell within the applicable time limits for counting prior offenses. We disagree. In Booker, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756 (Stevens, J., opinion of the Court). The district court's finding that these criminal history points were warranted falls within exception for prior convictions. Accordingly, there is no error. See Booker, 125 S. Ct. at 750-51 (Stevens, J., opinion of the Court).

---

[1]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Sigmon's sentencing. 401 F.3d at 545 n.4.

- 4 -

II.

Sigmon also raises two challenges to his sentence apart from Booker. He asserts that the district court erred by finding that a preponderance of the evidence supported the abduction enhancement.[2] We note that, in finding that Sigmon abducted his wife during the commission of the instant offense, the district court relied on its interpretation of Virginia law. However, to determine whether an enhancement for abduction is warranted under the Federal Sentencing Guidelines, the court should have applied the definition in the Guidelines. See USSG § 1B1.1, cmt. (n.1(a)) ("'Abducted' means that a victim was forced to accompany an offender to a different location. For example, a bank robber's forcing a bank teller from the bank into a getaway car would constitute an abduction."); United States v. Saknikent, 30 F.3d 1012, 1014 (8th Cir. 1994) ("[T]he abduction adjustment requires only that force necessary to overcome the particular victim's will."). On remand, the district court should reconsider application of the cross-reference to the abduction Guideline in light of the Guideline definition.

---

[2]Sigmon also challenges the firearm enhancement. We express no opinion on whether the facts warrant such an enhancement. See Hughes, 401 F.3d at 556 n.15 ("[W]e do not hold that in every case involving a Booker issue, this court must first address alleged calculation errors before vacating and remanding for resentencing in light of Booker.").

Sigmon also contends that the district court plainly erred by assigning one criminal history point each to two juvenile convictions that were committed more than five years before the instant offense. The Government concedes that the assessment of these two criminal history points is plain error. We agree and further conclude that the plain error affects Sigmon's substantial rights because excluding those two points would yield a criminal history score of nine, or category IV.[3] (Sigmon was sentenced in category V.) Finally, we exercise our discretion to notice the error. Thus, on remand, the district court should resentence Sigmon without these two criminal history points.

### III.

Accordingly, we affirm Sigmon's conviction, vacate Sigmon's sentence, and remand for resentencing consistent with Booker and Hughes[4] and without the criminal history points assessed

---

[3]Contrary to the Government's assertion, we find that Sigmon's conviction of driving under the influence on April 16, 2003, the date of the instant offense, is a "related" offense and, therefore, the probation officer properly declined to award a criminal history point for that offense. See USSG § 4A1.2(a)(2) & cmt. (n.3).

[4]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the

for the offenses Sigmon committed before the age of eighteen.  We dispense with oral argument because the facts and legal proceedings are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  <u>Hughes</u>, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.